1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

BILLY DRIVER, JR.,

12

Plaintiff,

13

v.

14

THE IRS OF FRESNO, CALIFORNIA, et
al,

15

16

Defendants.

17

18

Case No.  1:22-cv-00118-AWI-HBK (PC)

FINDINGS AND RECOMMENDATIONS TO
DENY PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS*
UNDER 28 U.S.C. § 1915 (g)

(Doc. No. 2)

FOURTEEN-DAY OBJECTION PERIOD

19

20

21

22

23

24

25

Plaintiff Billy Driver, Jr., a prisoner incarcerated at Kern Valley State Prison, initiated this
action by filing a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983 on January 28,
2022.  (Doc. No. 1, "Complaint").  Plaintiff seeks to proceed in this action *in forma pauperis*.
(Doc. No. 2).  For the reasons discussed below, the undersigned recommends the district court
deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three
actions or appeals that constitute strikes, and the Complaint does not establish that Plaintiff meets
the imminent danger exception.

26

**BACKGROUND AND FACTS**

27

28

The Complaint identifies five defendants:  three Internal Revenue Service locations
(Fresno, Ogden, and Austin) and two individuals by last name, Capuyon and Ichawa, who are

listed as a "social worker" and "rehab therapist" at CHCF Heath Care Facility.  (Doc. No. 1 at 2).

Plaintiff alleges defendants Capuyon and Ichawa violated his rights by acting with deliberate

indifference to his basic necessities by failing to reasonably respond to his inquiries concerning

his economic impact stimulus check.  (*Id.* at 3).  Plaintiff states he mailed a 1040 tax return to the

Treasury of the Internal Revenue Service on May 31, 2021 and January 13, 2022.  (*Id.*).  After

receiving no response, Plaintiff asked Defendants Ichawa and Capuyon for help obtaining his

stimulus check, but they refused.  (*Id.*).

Plaintiff admits he has filed "over 60" actions as a prisoner, but claims that he is unable to

buy basic necessities and is in danger of imminent harm of being pepper sprayed and beaten.  As

relief, Plaintiff seeks refunds from his 2019, 2020, 2021 and 2022 tax returns, $10,000 in punitive

damages and $10, 000 in "presumed damages."  (*Id.* at 6).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under
> this section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in the United States that was dismissed on grounds that it was
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was

enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct.

1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought

unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment

plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious,

or for failure to state a claim.  *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir.

2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning

the order dismissing the case must have been docketed before plaintiff initiated the current case.

*See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*,

738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the

1  action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed

2  for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v.*

3  *Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count

4  as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts

5  as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to

6  state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).

7  *Lomax*, 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint

8  requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis*

9  *Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

10        Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without

11  paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner

12  "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.

13  *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger

14  exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial

15  allegations" liberally to determine whether the allegations of physical injury are plausible.

16  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

17        In order to avail oneself of this narrow exception, "the PLRA requires a nexus between

18  the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray*

19  *v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022)

20  (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the

21  imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly*

22  *traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial

23  outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit,

24  citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to

25  proceed. *Id*.

26        Assertions of imminent danger may be rejected as overly speculative, fanciful, or

27  "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly

28  conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226,

3

1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case.  *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act.  As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726.  And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation."  *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).
////

4

1          ANALYSIS

2       **A.  Plaintiff has three or more qualifying strikes**

3          A review of the Pacer Database reveals Plaintiff has filed at least 87 civil actions or

4   appeals in a court of the United States.  Although not exhaustive, for purposes of these findings

5   and recommendations, each of the following cases are properly deemed qualifying § 1915(g)

6   strikes and each was entered before Plaintiff commenced the instant action:

7

8

| Date of Order | Case Style | Disposition |
|---|---|---|
| September 16, 2009 | *Driver v. Martel*, Case No. 08-CV-1910-GEB-EFB (E.D. Cal. Sept. 15, 2009), *aff'd, Driver v. Martel*, 395 F. App'x 392 (9th Cir. 2010), *cert. denied,* 563 U.S. 909 (2011) | Dismissed for failure to state a claim. Dismissal affirmed by the Ninth Circuit on appeal. |
| September 12, 2012 | *Driver v. Kelso*, 2012 WL 3277080 (E.D. Cal. Aug. 9, 2012), *aff'd*, 514 F. App'x 662 (9th Cir. 2013). | Dismissed for failing to file amended complaint after screening of original complaint and being provided with an explanation of the deficiencies for each claim and how to amend. Dismissal affirmed by the Ninth Circuit of appeal. |
| July 14, 2014 | *Driver v. Zamora*, Case No. 2:14-cv-02170-BRO-AGR (C.D. Cal.); *aff'd, Driver v. Zamora*, 621 F. App'x 421 (9th Cir. 2015). | Dismissed for failing to file an amended complaint after screening of original complaint and being provided with explanation of the deficiencies for each claim and how to amend.  Dismissal affirmed by the Ninth Circuit on appeal. |
| Sept. 16, 2019 | *Driver v. United States*, App. Case No. 2019-1942 (Fed. Cir. 2019). | Dismissing appeal as frivolous. |

25

26          As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of §

27   1915(g).  The dismissal entered by the district court in *Martel* properly counts as a strike pursuant

28   to section 1915(g) because the District Judge adopted the findings and recommendations

recommending dismissal for failure to state a claim.  *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).  The dismissals in *Kelso* and *Zamora* properly count as strikes because Plaintiff did not file an amended complaint after the court screened the original complaint and explained the deficiencies and how to amend and Plaintiff failed to amend.  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (finding dismissal counts as 1915(g) strike "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint.").  Finally, the Federal Circuit Court of Appeal's order in *Driver v. United States* properly counts as a strike because the appellate court noted the arguments raised on appeal were frivolous.  *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citations omitted) (noting appeals dismissed as "not taken in good faith" equal to "frivolous" and counted as strikes).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  Liberally construing the Complaint, the undersigned finds it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action.  Without further elaboration and seemingly unrelated to the issues in the action, Plaintiff states he is at risk of being beaten and sprayed.  However, the Complaint contains no facts and no allegations from which the undersigned can find any basis that Plaintiff was under threat of imminent physical injury at the time he filed the Complaint to invoke the § 1915(g) exception.  (*See generally* Doc. No. 1).  And not receiving tax refunds or stimulus money to purchase "necessities" does not equate to imminent danger of serious physical injury.

Based on the foregoing, the Court **RECOMMENDS**:

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2.      This action be DISMISSED without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled; or, the district court first afford the Plaintiff an

opportunity to pay the filing fee and direct the Clerk to automatically dismiss the case if Plaintiff fails to pay the filing fee in the time provided.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    June 9, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE